Sanford, J.
The liability of the putative father of an ille *363 gitimate child for its support, is regulated entirely by statute. (Rev. Stat., tit. 7, chap. 5.)
The judgment in the case before us would have been appropriate, had the mother of the bastard been the prosecutor ; but the town interested in the support of such child, is authorized to institute and prosecute a suit, only to procure indemnity against its liability to expense for such support.
The thirty-first section of the act provides, that “ the town interested in the support of a bastard child, when sufficient security shall not be offered to indemnify such town against all charge and expense for the support of such child, and the mother neglects to bring forward her suit for maintenance, may, by their selectmen, institute a suit,” &c., “ and if the defendant be found guilty, the court shall make an order that he shall_give a bond with sufficient surety to such town, to indemnify it against all expense for the maintenance of such child, and pay the cost of prosecution, and on failure thereof may commit him to the common jail, there to remain until he shall comply with such order.”
The right of the town to prosecute, and the authority and duty of the court when the town is prosecutor, are found no where else, and the conclusion is inevitable that the judgment was unauthorized by law.
It is however contended that this judgment ought not to be reversed, because it was rendered at the instance of the plaintiffs, is altogether in their favor, and they are not aggrieved by it. _
_ But it was the duty of the court to render the legal ^judgment on (y, whatever the parties or either of [ *445 ] them might desire or ask. The error therefore was the error of the court, and by it the plaintiffs were injured and aggrieved, because it was awarded them instead of a judgment for the security, to which they were by law entitled, while it can in no way be enforced by legal process, as it is upon its face u Jautlioi’ized, irregular and void.
The judgment of the superior court must be reversed.
In this opinion the other judges concurred.
Judgment reversed.