## LAUPAHOEHOE SUGAR COMPANY *v.* SOLOMON K. LALAKEA, ET AL.

### No. 1523.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED MAY 19, 1924.                    DECIDED MAY 27, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

SPECIFIC PERFORMANCE—*renewal of lease—forfeiture of right.*

The right of a lessee, secured by written contract, to a renewal of a lease is not forfeited or waived by the inclusion in a privileged communication, forwarded by the lessee in the course of compromise negotiations, of a suggestion that under certain stated circumstances a provision not a part of the original lease should be included in the new lease.

SAME—*jurisdiction in equity—disputed titles—prior judgments at law.*

In a suit for specific performance of a contract to renew a lease a court of equity has jurisdiction to find and declare the state of the title of the lessors in accordance with prior judgments at law between the same parties, even though the judgments were not rendered until after the hearing in the equity suit.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity for the specific performance of a contract to renew a lease. On November 10, 1911, one T. K. Lalakea executed a lease to the Laupahoehoe Sugar Company, an Hawaiian corporation, the petitioner herein, of certain lands for the period of five years ending November 5, 1919, for a consideration of $8000 as rent for the full period of the lease. By that lease the lessor covenanted, *inter alia,* that "the said lessee in consideration aforesaid shall have the right, at its option at any time before the expiration of the said term hereby created, to have a renewal of this lease upon the same terms as

herein contained, saving and excepting the rent and consideration therein expressed, which for the new lease shall be at the rate of five dollars per acre per annum for each and every acre in the said leased premises, said rent being payable semiannually in advance." Subsequently and prior to the expiration of the term of the original lease, T. K. Lalakea died intestate. In this bill fourteen persons and two corporations are named as parties respondent, evidently upon the theory that each of them claimed or might claim an interest in the demised land. The First Bank of Hilo, Limited, one of the corporations just referred to, filed an answer disclaiming any interest whatever in the real estate involved. Solomon K. Lalakea, Hannah Makainai and Mohiehie Hewahewa, respondents, filed separate answers each claiming certain interests in the demised lands. None of the remaining respondents filed any answer or claim or made any appearance whatsoever. The trial court decreed that "the respondents, Solomon K. Lalakea as to an undivided seven-eighths interest and Hannah Makainai as to an undivided one-eighth interest, enter into with and execute to said petitioner, a renewal of the lease" of all of the same lands with an exception not now material and upon the modified rental specified in the covenant. From this decree the case comes to this court upon the appeal of Solomon K. Lalakea. Neither the Laupahoehoe Sugar Company nor Hannah Makainai nor Mohiehie Hewahewa nor any other respondent appeals. The only grounds advanced by the appellant in his brief for a reversal of the decree requiring of him a renewal of the lease are, (1) "because the petitioner forfeited, as against Solomon K. Lalakea, its right to have a renewal, by embodying in its demand therefor, which accompanied the proposed form of lease, an important condition not contained in and foreign to the original lease" and (2) "because the title to the land

involved was in dispute at the time the suit was brought, and at the time of the hearing, and no decree of specific performance could be entered unless the court should also determine the question of title, a determination which is not in the jurisdiction of a court of equity."

On November 3, 1919, before the expiration of the term created by the original lease, the lessee notified Solomon K. Lalakea, Hannah Makainai, Mohiehie Hewahewa and several other persons that it "does hereby give notice of its intention to exercise, and does exercise the right to have a renewal of the said lease" (meaning the original lease above referred to) "upon the same terms as therein contained, saving and excepting' the rent and consideration therein expressed, which for the new lease shall be at the rate of five dollars per acre per annum for each and every acre in the said leased premises, said rent being payable semiannually in advance; and the said Laupahoehoe Sugar Company is ready and willing to pay the said rent to the person or persons entitled thereto upon demand." In answer to this notification Solomon K. Lalakea wrote to the Laupahoehoe Sugar Company enclosing a form of lease which he was willing to execute and which was evidently drawn upon the theory that he would be the sole lessor. The sugar company thereupon under date of November 28, 1919, wrote to Solomon K. Lalakea in care of his attorney a letter of which the following is a copy:

"We acknowledge receipt of your letter of the 18th inst. enclosing a form of lease from Mr. Solomon K. Lalakea to Laupahoehoe Sugar Company, with reference to Royal Patent No. 1033, 2729, 2220, and 2393, for the term of five years.

"In reply to your request that we notify you whether the form and contents of the lease conform to our understanding of the lease to which we claim Laupahoehoe

Sugar Company is entitled, we beg to say that we have prepared another form and followed more closely the form of the original lease, and enclose a copy for your information.

"You as attorney for Solomon K. Lalakea are no doubt aware of the controversy as to the title of some of the land above mentioned, and in view of the dispute which exists you would not expect a third party to acknowledge at present that your client, Mr. Solomon K. Lalakea, is the owner of the land. Under these circumstances, as the form of lease contains only a limited covenant for quiet possession, inasmuch as the lessor only covenants for the acts of himself and persons claiming by, through or under him, we think that before Laupahoehoe Sugar Company accepts the lease from Mr. Solomon K. Lalakea alone, he must indemnify us against having to pay the rent to other parties.

"This letter, of course, is written without prejudice to the rights and claims of Laupahoehoe Sugar Company."

The "important condition" referred to in the first point of the appellant's brief and which is claimed to operate as a forfeiture of the lessee's right to a renewal of the lease is to be found in the statement of the letter just quoted that "we think that before Laupahoehoe Sugar Company accepts the lease from Mr. Solomon K. Lalakea alone, he must indemnify us against having to pay the rent to other parties." The requirement of the original lease was that the right to a renewal should be exercised by the lessee at any time before the expiration of the term of the original lease. This the lessee did prior to the expiration of the original lease, to wit, on November 3, 1919. Its letter of that date to Solomon K. Lalakea and the other claimants, notifying them of its exercise of the right of renewal, was explicit and unqualified and was a

sufficient compliance with all that was required of the lessee by way of a notification of its desire for a renewal.   The letter of November 28, 1919, above quoted shows upon its face that it was intended to be by way of an effort to secure an amicable settlement of the matter between the parties and privileged; and the undisputed testimony adduced on behalf of the petitioner was that it was forwarded in the course of negotiations by way of amicable settlement.   The proposal of Solomon K. Lalakea in his letter was in substance that he be accepted as the sole lessor and that his title to the whole of the land be recognized.   The fact that in answer to this proposal the lessee said, in an attempted compromise, that it thought that such a lease should be accompanied by sufficient assurances that the rent would not have to be twice paid would not operate as a forfeiture or waiver of the lessee's right to a renewal.   Upon the undisputed evidence there is no doubt that the lessee is entitled to a renewal.

It is true that at the time this suit was instituted and for some time thereafter there was a dispute as to the title to the lands involved in the original lease and in the proposed renewal.   An action of ejectment was pending which had been brought by Hannah Makainai against Solomon K. Lalakea and so also an action to quiet title had been brought by Lilly Hewahewa against Solomon K. Lalakea and was pending.   Prior, however, to the rendition of a decision and the entry of a decree in this suit both actions at law were determined not only in the trial courts but upon appeal in this court.   The results of those actions were that in the first case Hannah Makainai was held to be entitled to an undivided one-eighth interest in certain lands and in the second case the determination was wholly in favor of Solomon K. Lalakea.   It is not claimed that these determinations were not fully

recognized by the court below in the decree now appealed from. In so far as there was a dispute between Hannah Makainai and Solomon Lalakea on the one hand and between Lilly Hewahewa and Lalakea on the other hand, the final decision in this suit in equity was deferred until after judgments had been rendered in the actions at law and those judgments were observed and recognized in the decree in this suit. It does not appear that there was during the pendency of this suit any real dispute between any others of the parties to this suit. As above stated, no other answers or claims were filed and no other appearances were made at the trial. No appeal is before us save that of Solomon K. Lalakea. Under these circumstances it cannot be held that the decree of specific performance was rendered without jurisdiction. A suit for specific performance of a contract to execute a renewal of a lease is clearly a matter of equitable cognizance. In so far as the disputes between Lilly Hewahewa, Hannah Makainai and Solomon K. Lalakea are concerned, they were settled in appropriate actions at law and the court of equity has simply recognized and enforced those adjudications. While Mohiehie Hewahewa filed an answer, she presented no evidence in support of any claim that there was a dispute as to the title, did not object to the exercise of jurisdiction by the court (see *Kuala* v. *Kuapahi,* 15 Haw. 300), made no appearance at the trial and has not appealed from the decree; The First Bank of Hilo, Limited, has disclaimed all interest in the land; and none of the other respondents have made any claim or appearance. The petitioner likewise appears to be satisfied with the decree of the trial court for it has not appealed. Solomon K. Lalakea is not aggrieved by any *supposed failure* of the court below to find outstanding titles in the other respondents.

.The objections presented before us to the decree

appealed from are not sustained.    The decree is affirmed.

*H. Edmondson* for petitioner.

*W. H. Smith* and *C. S. Carlsmith* for respondent Solomon K. Lalakea.