LAPAHOEHOE SUGAR COMPANY *v.* SOLOMON K. LALAKEA, ET AL.

No. 1564.

ERROR TO CIRCUIT JUDGE FOURTH CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

ARGUED JANUARY 23, 30, 1925.                    DECIDED APRIL 20, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PLEADINGS—*amendments.*

> While this court is empowered upon appeal in its discretion to allow amendments of pleadings, due to the conclusion that the decree appealed from must be reversed and the cause remanded for further proceedings a motion of the plaintiff in error to amend its bill of complaint to conform to the proof had upon the trial is denied without prejudice to the movant to present such motion to the trial court.

APPEAL AND ERROR—*deprivation or loss of right—waiver or estoppel affecting right—acquiescence or inconsistent position.*

> If a person voluntarily acquiesces in, or recognizes the validity of, a judgment, order or decree, or otherwise takes a position which is inconsistent with the right to appeal therefrom, he thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court. But in order to bar the right of appeal on the ground of acquiescence the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary and absolute.

INFANTS—*actions—pleading—action against infants—answer for infant defendants.*

> Where it appears upon an appeal that parties to the cause being minors may have substantial interests in the subject-matter of the suit which for failure of their guardian ad litem to answer the bill of complaint or to otherwise represent them therein may become lost to such minors the appellate court may and should refuse to further proceed with the appeal and may and should of its own motion reverse the decree appealed from and remand the cause for further proceedings consistent with its opinion accompanied by such directions to the trial court as it may deem·

necessary and proper to insure the representation of the interests, if any, of such minors.

OPINION OF THE COURT BY PETERS, C. J.

The record discloses the following facts: On November 10, 1911, Thomas K. Lalakea leased to the Laupahoehoe Sugar Company for a term of five years from November 5, 1914, four pieces of land, namely, "1. All of the land described in Royal Patent No. 1033, to which said patent reference is hereby made for better description, containing 121 acres, situate at Kapehu, District of North Hilo, County and Territory of Hawaii. 2. All of the land situated at Kaiwilahilahi, North Hilo aforesaid, which is described in Royal Patent No. 2729, to which patent reference is hereby made for better description, and containing an area of 143 acres. 3. All of the land situate at Maonalulu, North Hilo aforesaid, and more particularly described in Royal Patent No. 2220, to which patent reference is hereby made for better description, containing 81 acres. 4. All the land situate at Maonalulu, North Hilo aforesaid, which is described in Royal Patent No. 2393, to which patent reference is hereby made for better description, and containing 48 acres." The lease contained the following covenant: "The said lessor hereby covenants and agrees to and with the said lessee, its successors and assigns * * * that at the expiration of the term hereby created the lessee shall have the right * * * at its option to mature and harvest all crops growing upon the said land; and the said lessee in consideration aforesaid shall have the right at its option at any time before the expiration of the said term hereby created to have a renewal of this lease upon the same terms as herein contained, saving and excepting the rent and the consideration therein expressed, which for the new lease shall be at the rate of five dollars per acre per annum for each and every acre in the said leased premises, said rent

being payable semiannually in advance." On April 8, 1912, the lessor mortgaged the land described in Royal Patents Nos. 1033 and 2729 (the lands numbered 1 and 2 in the lease) to The First Bank of Hilo, Limited. This mortgage was foreclosed under power of sale in said mortgage contained on July 1, 1920, and the premises described in Royal Patent No. 1033 (the premises numbered 1 in the lease) were sold at public auction to A. S. Le Baron Gurney, trustee, who in turn on July 26, 1920, conveyed the same to the Waipunalei Agricultural Company, Limited. The Waipunalei Agricultural Company, Limited, conveyed its interest in Royal Patent No. 1033 to the Laupahoehoe Sugar Company, plaintiff in error, on October 14, 1921. Upon foreclosure of the mortgage referred to the amount realized from the sale of the mortgaged premises apparently was at least in the amount, if not in excess, of the mortgage indebtedness. On March 6, 1915, T K. Lalakea conveyed to his son Solomon K. Lalakea a life estate in certain lands, three of which are described in the deed as follows: "4. All that certain tract of land situate at Kaiwilahilahi, North Hilo, County of Hawaii aforesaid, described in R. P. 2729 conveyed to him by J. Poka Hanaaumoe by deed dated the 14th September 1885. * * * 8. All that certain tract of land situate at Kapehu, North Hilo aforesaid containing .48 acres, described in R. P. 1393, conveyed to him by S. Kane by deed dated the 8th August 1899. * * * 21. All that certain tract of land situate at Maonolulu, North Hilo aforesaid, containing 81 acres described in R. P. 2320." Whether the two lands last described are the same or different lands from those described as parcels 3 and 4 respectively in the lease we deem it unnecessary to determine. On May 7, 1915, T. K. Lalakea died intestate leaving surviving him two sons, Solomon and George; four daughters, Mohihie Hewahewa, Jennie K. Aona, Hannah

Makainai and Maria Lalakea, and six grandchildren, alleged in the bill to be minors, four being the children of a deceased daughter, *Mrs. Kawaha,* and two the children of another deceased daughter, Mrs. Aiau. The grandchildren will be hereinafter referred to collectively by their respective surnames. On June 22, 1915, Solomon K. Lalakea was appointed administrator of his father's estate. On November 3, 1919, pursuant to the terms of the option of renewal contained in the lease to it the Laupahoehoe Sugar Company gave written notice to the Lalakeas, to the Aiau minors, and to Kauoho Keaulani Kawaha, one of the four Kawahas, by Solomon K. Lalakea, guardian, that it exercised its right to have a renewal of its lease upon the same terms as therein expressed, which for the new lease should be at the rate of $5 per acre per annum for each and every acre in said leased premises, rent payable semiannually in advance, and declared itself ready and willing to pay the rent to the person or persons entitled thereto upon demand. Whether Solomon K. Lalakea was the guardian of the estate of Kauoho Keaulani Kawaha at the time of service does not appear. The record fails to disclose that any written notice of its exercise of the option of renewal was personally served by the plaintiff in error upon any of the Kawahas. On December 13, 1919, George Lalakea conveyed to the Waipunalei Agricultural Company, Limited, an undivided 1/8 interest in the premises described in Royal Patent No. 1033. On December 18 following Hannah Makainai conveyed to N. Fernandez an undivided 1/8 interest in the premises described in Royal Patent No. 2220, who in turn on the same day conveyed the interest thus acquired to the Waipunalei Agricultural Company, Limited. Maria Lalakea died April 4, 1920, intestate, leaving her surviving as her sole heirs at law her two brothers and three sisters heretofore named, and the

Kawahas and the Aiau minors. On May 5, 1920, Mohi-
hie Hewahewa conveyed to the Waipunalei Agricultural
Company, Limited, an undivided 1/8 interest in the
premises described in Royal Patent No. 1033. On July 1,
1920, plaintiff in error brought a suit in equity against
the surviving Lalakea children, the Kawahas and the
Aiau minors and certain other respondents hereinafter
referred to for the specific performance by them of the
covenant of renewal contained in the lease. One Archie
Hapai as a claimant to an interest in the lands subject to
the lease by assignment from one of the Kawahas; one
N. Fernandez as a claimant to an interest in said lands
as an assignee of Mrs. Makainai; the Waipunalei Agricul-
tural Company, Limited, as a claimant to an interest in
said lands as assignee of George Lalakea, and The First
Bank of Hilo as the mortgagee of said lands were the
other parties respondent. In connection with the allega-
tions of the bill that the Kawahas and the Aiau children
were minors it was therein prayed that a guardian ad
litem be appointed for them. The record does not disclose
that this was done. We are advised by counsel for the
plaintiff in error that guardians ad litem were appointed
by the court for the Aiau minors but not for the Kawahas
for the reason that the latter · were later found to be
adults. The bill is extremely vague and indefinite. It
alleges the ownership on November 10, 1911, in fee simple
by T. K. Lalakea of the lands described in the lease; the
execution by him on that day of the lease to the plaintiff
in error; the term of the lease and the option of renewal;
the deaths of T. K. Lalakea and Maria Lalakea, and
their respective heirs at law; the demand for the renewal
of the lease and its refusal and seems to have been
drafted upon the theory that Solomon K. Lalakea, the son,
claimed to be the sole owner of all the lands· previously
demised to plaintiff in error by his father by virtue of the

deed of the latter to him of March 6, 1915, but that his sisters and his brother and the Kawahas and the Aiau minors also claimed ownership of said lands as cotenants with Solomon K. Lalakea as heirs of T. K. Lalakea and Maria Lalakea. The bill also contains an intimation that litigation was pending between some of the children involving the title to the lands demised. As a matter of fact there was then pending in the circuit court of the fourth circuit an action at law to quiet title brought by Hannah Makainai against Solomon K. Lalakea, in which the plaintiff claimed an undivided 1/8 interest in and to all the lands described in the deed from T. K. Lalakea to his son Solomon, dated March 6, 1915. The Kawahas, as far as the record discloses, were never served with process in the instant case. It appears from the affidavit of the deputy sheriff of North Hilo attached to the summons that he posted certified copies of the order of service, sheriff's notice, petition and chambers summons upon each of the premises described in the lease. Counsel has informed the court that this was done pursuant to an order of the court to that effect. The order, however, is not incorporated in the record. The return of the deputy high sheriff affirmatively shows that due and diligent search was made for Jack Kawaha, Kamaunu Kawaha, alias Kanamu Kawaha, Kauoho Keaulani Kawaha and Maemae Kawaha, but they could not be found and the summons and petition were returned unserved as to them. Solomon K. Lalakea answered. He denied the execution of the lease, denied the existence of an option of renewal and denied any demand therefor. He alleged that the plaintiff in error pretending to be entitled to a renewal of certain leases theretofore executed by T. K. Lalakea had on or about November 28, 1919, and December 2, 1919, demanded that he execute to it a certain lease for five years and at the same time the demandant also required

of him indemnities in respect thereto and imposed conditions other than it was entitled to demand upon any option of renewal that it may have had at the time and that thereupon and thereafter the demandant "abandoned and revoked its right to a renewal of any lease which it theretofore had from said T. K. Lalakea." He admitted the deaths of his father and sister and admitted that they left the heirs at law as alleged. He claimed sole ownership of the lands demised with the exception of those described in Royal Patent No. 1033. Hannah Makainai answered. She admitted that the plaintiff in error was entitled to a renewal of the lease as prayed. She alleged that T. K. Lalakea had died seized of the land demised and that she and her sister Maria were his heirs at law and each entitled to a 1/8 share of his estate; that Maria Lalakea had since deceased and that as her heir at law she inherited a 1/7 part of her estate; that on December 18, 1919, she had conveyed to one N. Fernandez an undivided 1/8 interest in Royal Patent No. 2220 but still retained an undivided 1/56 share therein as heir of Maria; that on July 26, 1920, The First Bank of Hilo had foreclosed its mortgage on the premises described in Royal Patent No. 1033 and she since then had had no interest therein and that she was at the time of answering the owner of an undivided 1/7 interest in the premises described in Royal Patents Nos. 2793 (evidently intended for 2729) and 2393 and an undivided 1/56 interest in the premises described in Royal Patent No. 2220 and entitled to participate in the rent according to such interests, the computation of which she set out in full. Mrs. Hewahewa also answered. Her answer is practically the same as that of her sister Mrs. Makainai except as to her interests in the several pieces of land demised and the rent due her therefrom. She alleged that she had sold an undivided 1/8 interest in Royal Patent No. 1033 but was still the

owner of an undivided 1/56 interest therein as heir of her sister Maria until the foreclosure by The First Bank of Hilo and that as to the other land she was the owner of an undivided 1/7 interest therein and entitled to participate proportionately in the rent accrued and to accrue from the lease to be renewed. It would appear also that The First Bank of Hilo answered but its answer is not made a part of the record. The Kawahas did not appear and no pleadings of any kind appear to have been filed on behalf of the Aiau minors. At the time of the trial Mr. Russell, the attorney of record for Mohihie Hewahewa, stated that he also appeared for Mrs. Hewahewa as guardian ad litem of Lily Hewahewa, one of the Aiau minors. The case was at issue in November 1921. Trial was not had, however, until January 16, 1923. In the meantime upon trial had Hannah Makainai prevailed in her action against Solomon K. Lalakea, the court on February 7, 1921, having declared the deed of March 6, 1915, from T. K. Lalakea to Solomon K. Lalakea a forgery and ordering judgment for plaintiff accordingly. Judgment was entered on February 9, 1921. Moreover on November 28, 1921, the other sister, Lily Hewahewa, had filed a similar action at law to quiet title against Solomon K. Lalakea, claiming to be the owner of an undivided 1/7 interest in all the premises described in said deed of March 6, 1915, from T. K. Lalakea to Solomon K. Lalakea. Trial was had upon this action in January 1922, resulting on April 13, 1922, in a decision by the court jury waived in favor of defendant Solomon K. Lalakea, and ordering judgment entered accordingly. Judgment was entered on May 15, 1922, in favor of defendant and against the plaintiff. The judgment in the *Makainai* case was affirmed in this court on November 10, 1922 (see 26 Haw. 667), and the judgment in the *Hewahewa* case on October 15, 1923 (see 27 Haw. 544). A writ of error was prosecuted to the

ninth circuit court of appeals to review the judgment of
this court in the *Makainai* case. As heretofore stated the
instant case came on for trial on January 16, 1923, and
was concluded on January 20 following. There were
offered by the plaintiff in error and admitted in evidence
the lease from T. K. Lalakea to plaintiff in error dated
November 10, 1911; the mortgage from T. K. Lalakea to
The First Bank of Hilo dated April 8, 1912; the deed
from T. K. Lalakea to Solomon K. Lalakea dated March
6, 1915; the deed from George Lalakea to the Waipunalei
Agricultural Company, Limited, dated December 13, 1919;
the deed from Hannah Makainai to N. Fernandez dated
December 18, 1919; the deed from N. Fernandez to the
Waipunalei Agricultural Company, Limited, dated Decem-
ber 18, 1919; the deed from Mohihie Hewahewa to the
Waipunalei Agricultural Company, Limited, dated May 5,
1920; the foreclosure deed dated July 1, 1920, of The
First Bank of Hilo, Limited, as mortgagee and as attor-
ney-in-fact of T. K. Lalakea to A. S. Le Baron Gurney,
trustee; the deed from A. S. Le Baron Gurney, trustee, to
the Waipunalei Agricultural Company, Limited, dated
July 26, 1920, and finally a deed of the Waipunalei
Agricultural Company, Limited, to the Laupahoehoe
Sugar Company dated October 14, 1921, conveying the
premises described in the respective deeds from N. Fer-
nandez to it dated December 18, 1919; from George Lala-
kea to it dated December 13, 1919; from Mohihie Hewa-
hewa to it dated May 5, 1920; from A. S. Le Baron Gur-
ney to it dated July 26, 1920. The deaths intestate of T.
K. Lalakea and his daughter Maria and the persons that
survived them as their respective heirs at law were
admitted by the pleadings. It was also shown by the
plaintiff in error that it had given public notice to the
heirs, executors, administrators and assigns of T. K.
Lalakea that it exercised its right for a renewal of the

lease of November 10, 1911, subject to the terms thereof and of the option of renewal by recording in the office of the registrar of conveyances of the Territory of Hawaii on November 3, 1919, a notice addressed to them to that effect.   Personal service of similar notices was also shown to have been made on November 3, 1919, upon all the parties respondent with the exception of the Kawahas. The defendant in error Solomon K. Lalakea offered in evidence the deed to him from his father dated March 6, 1915.   Prior to submission no effort was made by plaintiff in error to amend its bill to conform to the proof.   The cause was taken under advisement, briefs to be filed by the parties but no decision was rendered by the court until November 8, 1923.   The delay apparently was due to the desire of the trial court to await the determination by this court of the appeals in the *Makainai* and *Hewahewa* cases.   At that time the court filed a "decision, order and decree" in which after finding that none of the parties respondent who had appeared had any further interest in the premises described in Royal Patent No. 1033 it held that of all the respondents only Solomon K. Lalakea had any interest whatever in the premises other than those described in Royal Patent No. 1033 and ordered him to enter into and execute to and with the Laupahoehoe Sugar Company a renewal lease within the terms of the option clause of the lease as executed by T. K. Lalakea on November 10, 1911.   All the other respondents were ordered dismissed.   On October 25, 1923, the ninth circuit court of appeals dismissed the writ of error in the *Makainai* case.   On November 26, 1923, the plaintiff in error by its attorney moved the circuit court that its "order, decision and decree" of November 8, 1923, be amended in the following particulars:   "That it be ordered and decreed by this court that the respondent, Hannah Makainai, as well as the respondent, Solomon K.

Lalakea, also enter into and execute to and with the petitioner, the Laupahoehoe Sugar Company, a renewal lease within the terms of the option clause of the lease as executed on the 10th day of November, 1911, by T. K. Lalakea (now deceased) with the Laupahoehoe Sugar Company, to the extent of the undivided 1/8th interest of the respondent, Hannah Makainai, in the land comprised in Royal Patent Nos. 2729 and 2393, mentioned in the petition herein, which was recovered by her from the respondent Solomon K. Lalakea in a certain action in ejectment in this honorable court by judgment entered therein before the hearing, decision and decree herein, and which judgment in said action in ejectment was affirmed on writ of error by the supreme court of the Territory of Hawaii and the United States circuit court of appeals for the ninth circuit." The court on December 29, 1923, granted the motion to amend and filed an amended decree ordering the respondent Solomon K. Lalakea as to an undivided 7/8 and Hannah Makainai as to an undivided 1/8 to execute a renewal of the lease of November 10, 1911, of all the land described therein except Royal Patent No. 1033. From this decree Solomon K. Lalakea alone appealed to this court. Upon his appeal none of the nonappealing coparties appeared. Solomon K. Lalakea as appellant and the Laupahoehoe Sugar Company as appellee were the only parties before the court.

The errors assigned by Solomon K. Lalakea upon that appeal presented but two questions: (1) The jurisdiction of the trial court in equity to entertain jurisdiction, the title to land being involved; (2) the legal effect of the demand made by the Laupahoehoe Sugar Company for the renewal of its lease. And these were the only questions considered by the court. The amended decree appealed from was affirmed. (See *Laupahoehoe Sugar Co.* v. *Lalakea,* 27 Haw. 817.)

After remand the Laupahoehoe Sugar Company prose-cuted this writ of error. The errors assigned are sub-stantially as follows: (1) Failure by the trial court to consider the ownership by plaintiff in error of an undi-vided 1/8 interest in the premises described in Royal Patent No. 2220; (2) failure of the trial court to find and decree that other heirs at law of T. K. Lalakea who owned interests in the premises described in Royal Patent No. 2220, as well as Solomon K. Lalakea, should execute to the plaintiff in error a renewal of the lease as to an undivided 7/8 interest in the premises described in Royal Patent No. 2220; (3) error of the trial court in finding that only Hannah Makainai had established as against Solomon K. Lalakea her title to an undivided 1/8 interest in the land described in Royal Patents Nos. 2729 and 2393; (4) that .the trial court erred in finding that Solomon K. Lalakea and Hannah Makainai were the owners of the land in question and were proper parties to execute and deliver a lease thereof to the plaintiff in error; (5) that the court erred by its finding and decree that Solomon K. Lalakea and Hannah Makainai were the proper parties to execute the renewal of the lease. Pend-ing the filing of briefs in this court Solomon K. Lalakea as defendant in error filed a motion to dismiss the writ of error assigning substantially the following reasons as grounds therefor: (1) That an amended decree having been entered upon the motion, and in favor, of plain-tiff in error, it was a "matter held for the benefit of the plaintiff in error" and hence not appealable under the provisions of R. L. 1915, s. 2522, as amended by L. 1919, c. 44; (2) that the plaintiff in error was estopped from taking an appeal from the amended decree herein having as appellee upon the former appeal sought the affirmance of said amended decree; (3) that this court had previously affirmed the amended decree, and (4)

that the present writ of error operated as a review of the former opinion of this court.

Upon the argument of the motion to dismiss plaintiff in error moved, and later filed a written motion, to amend its original bill to conform to the proof below, tendering with the motion an amended bill for filing. This amended bill is as marked by its particularity of allegation as its predecessor was marked by its vagueness and uncertainty. The amended bill omits N. Fernandez, the Waipunalei Agricultural Company, Limited, and The First Bank of Hilo as parties respondent. The same reference is made to the claim of interest of Archie Hapai, and A. K. Aona is for the first time referred to as having acquired some interest in the property subject to the lease from George Lalakea. Reference to the minority of the Kawahas is omitted but an allegation appears to the effect that guardians ad litem have been appointed for the Aiau minors. It alleges the execution of the lease of November 10, 1911; the option therein contained; notice of its exercise by the plaintiff in error and its refusal by the respondents; but whereas the original bill alleged that Solomon K. Lalakea claimed to own all the lands subject to the lease the amended bill now alleges upon information and belief that T. K. Lalakea executed the deed of March 6, 1915, conveying to Solomon K. Lalakea "among other property not the subject of this cause all the lands comprised in Royal Patent 2729" (the land described as No. 2 in the lease), and after alleging the deaths of T. K. Lalakea and Maria Lalakea plaintiff in error proceeds to set forth not only the several conveyances admitted in evidence upon the trial and hereinbefore more particularly referred to but also a deed from Mrs. Hannah Makainai to the plaintiff in error dated February 14, 1924, by which were

alleged to have been conveyed an undivided 1/8 interest in the land described in Royal Patent No. 2729 and an undivided 1/8 interest in the land described in Royal Patent No. 2393 and computes and sets forth the resulting interests of all the parties to the proceeding in the premises subject to the lease as well as the rental accrued and to accrue therefrom. In a memorandum filed in this court by plaintiff in error in support of its motion to amend it says: "Defendant's Exhibit '3,' dated March 6, 1915, duly recorded, is a deed from T. K. Lalakea to the respondent, Solomon K. Lalakea, which covers (inter alia) the land owned by T. K. Lalakea in R. P. 2729, and also the following: '8. All that certain tract of land situate at Kapehu, North Hilo aforesaid containing .48 acres, described in R. P. 1393 conveyed to him by S. Kane by deed dated the 8th August 1899.' No evidence was offered in the circuit court by the respondents to show whether this 48/100ths acres in R. P. 1393 had any relation to the land in R. P. 2393, but on searching in the record office I found the deed from S. Kane (he is called S. K. Kane in the deed) to T. K. Lalakea, dated August 8, 1899, and which is recorded in Book 195, page 357, it covers 'The same land conveyed to me by Miss Kalua Lalakea by deed dated February 27, 1894, and recorded in Book 146 at page 158 of the registry of deeds.' The deed of February 27, 1894, referred to, is a deed from Kalua Lalakea to S. K. Kane of (inter alia) '1. 48 acres in the land awarded to Kainoa by Royal Patent Grant Number 2393 conveyed to me by Mokeehonua and Kaonohiula by deed dated August 24, 1891, recorded in Book 135, page 1 of the registry of conveyances.'"

The two motions and the merits will be considered together.

As to the motion to amend the bill of complaint.

This is a matter that should have been addressed to the trial judge prior to submission below. It is true that this court is empowered upon appeal in its discretion to allow amendments of pleadings. Had the plaintiff in error moved the trial court prior to submission to amend its bill of complaint to conform to the proof, unless facts exist of which we are not aware debarring plaintiff in error from that right, a denial of the motion would have constituted reversible error. Due to our conclusion, however, that upon the bill of complaint as unamended the amended decree of the trial court must be reversed we prefer that any motion to amend be upon remand addressed to the trial court. The motion to amend is therefore denied without prejudice to the plaintiff in error to move the trial court for leave to amend its bill of complaint to conform to its proof.

Next as to the motion of Solomon K. Lalakea to dismiss the writ. This motion is also denied. The several grounds of the motion resolve themselves into but two—(1) that the amended decree of December 29, 1923, was for the benefit of the plaintiff in error, and (2) that the plaintiff in error is estopped from prosecuting this writ of error by (A) acquiescence in the amended decree and (B) acts and conduct inconsistent with a right of appeal. These grounds will be disposed of seriatim. (1) R. L. 1915, s. 2522, as amended by L. 1919, c. 44, s. 2, found in the Revision of 1925 as s. 2524, provides "that there shall be no reversal * * * for any matter held for the benefit of the plaintiff in error." In other words, the plaintiff in error must be "aggrieved" by the decree appealed from. A party aggrieved is one who is injuriously affected or prejudiced in his personal rights or in his property or pecuniary rights or interests. (3 C. J., title "Appeal

and Error," §493, p. 632.)   In the instant case the amended decree was in favor of the plaintiff in error and the general rule is that a plaintiff or defendant cannot appeal or prosecute a writ of error from or to an order, judgment or decree in his favor because he is not aggrieved thereby.   But this rule is subject to exceptions.   A party is aggrieved, as that term is employed, if, even though the order, judgment or decree be in his favor, he is not accorded thereby all the relief to which he is entitled.   "A party may prosecute a writ of error to reverse a judgment which is in form or partly in his favor, if it does not give him all he is entitled to * * *."   (3 C. J., title "Appeal and Error," §496, p. 636.)   The amended decree to which the writ of error herein is directed is in form in favor of plaintiff in error.   But if plaintiff in error's assignments of error are well taken it is only partly so.   Plaintiff in error was entitled to a decree by which all the parties in interest in the premises subject to the lease were bound both as to their respective interests in the lands and in respect to the rentals accrued and/or to accrue therefrom.   If, as the plaintiff in error complains upon this appeal, the record discloses that there are other respondents in addition to Solomon K. Lalakea and Hannah Makainai who are interested in the fee of the lands subject to the lease or any of them and/or to the rents accrued or to accrue therefrom then such other and additional respondents should have been made parties to and bound by the amended decree and the amended decree is consequently only partially in favor of the plaintiff in error and does not give it all the relief to which it is entitled and is subject to review at its instance as plaintiff in error.   (*Town of Seymour v. Belden*, 28 Conn. 443.)   (2A)   Where a party voluntarily acquiesces in a decree or recognizes its validity

he may be said to have impliedly waived his right to have such decree reviewed by an appellate court. But where a decree relates to two or more distinct and independent matters acquiescence therein as to one of such matters will not bar the appeal as to the others. (3 C. J., title "Appeal and Error," §536, pp. 665, 666; *Coffman* v. *Bushard,* 130 Pac. (Cal.) 425; *Succession of Kaiser,* 20 So. (La.) 184; *Walnut Irrigation District* v. *Burke,* 158 Cal. 165, 166.) The assignments of error alleged upon the former appeal by Solomon K. Lalakea as appellant do not involve either directly or indirectly the errors now assigned by this plaintiff in error. Upon the former appeal this plaintiff in error as appellee was called upon to defend the amended decree appealed from only to the extent of the errors alleged by the appellant. To hold that an appellee in so defending acquiesces in the entire decree would result in a bar in all cases to cross-appeals from other portions of the same decree. (2B) In addition to the claim of estoppel by acquiescence movant relies principally upon the failure of the plaintiff in error to include in its motion to amend the decree of November 8, 1923, in addition to Mrs. Makainai those other respondents who by the assignments of error it now contends were interested in the fee of the premises described in Royal Patent No. 2220 and/or the rents accrued and to accrue therefrom. Movant contends that the failure of the plaintiff in error to include all such respondents in the decree was inconsistent with its present appeal. With this we cannot agree. Under the pleadings and the evidence plaintiff in error was entitled to a finding by the court upon the interests of all the respondents served with process in the premises subject to the lease and/or rents accrued and to accrue therefrom. The original decree found that of all the respondents Solomon K. Lalakea alone had any interest

in the premises subject to the renewal of the lease. To or from that decree plaintiff in error was certainly entitled to prosecute error. Had the plaintiff in error without further ado prosecuted this writ from the original decree a motion to dismiss the writ would certainly not have been well taken. That plaintiff in error confined its motion to amend the original decree to Mrs. Makainai cannot be construed as imputing to it an admission that none of the other respondents who were not parties to the decree had any interest in the premises subject to the lease and/or the rents accrued and to accrue therefrom. The motion as made certainly could not have operated to foreclose the plaintiff in error from subsequently moving the trial court to amend the decree to include still other respondents. No less so can the motion as made foreclose the plaintiff in error from subsequently complaining by writ of error or otherwise that all parties in interest had not been parties to the decree. "If a person voluntarily acquiesces in, or recognizes the validity of, a judgment, order or decree, or otherwise takes a position which is inconsistent with the right to appeal therefrom, he thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court. But, in order to bar the right of appeal on the ground of acquiescence, the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary and absolute." (3 C. J., title "Appeal and Error," §536, p. 665.)

Lastly as to the merits. In view of the present state of the record we deem it inexpedient at this time to consider any of the errors assigned. It is undisputed that no answer was ever filed by the guardian ad litem on behalf of the Aiau minors. If these minors have interests in the premises described in Royal Patents Nos.

2220 and 2393 or either of them and/or the rents accrued and to accrue therefrom they should be presented to and determined by the trial court. From the record it would appear that they may have interests therein. Plaintiff in error by its assignments of error now asserts that they have. If so the usual and ordinary means should be invoked for their protection. Whether these minors will be able upon further hearing to establish that the premises described in Royal Patent No. 2220 or those described in Royal Patent No. 2393 were not subject to the deed from T. K. Lalakea to Solomon K. Lalakea and that they therefore have interests therein as heirs at law of T. K. Lalakea and Maria Lalakea we do not pretend to say. It is sufficient that the question arises and that it is seriously contended before this court that they have. In the absence of any showing upon the previous appeal that these minors might have had an interest in the premises referred to it was competent for this court to consider the merits of the appeal despite the absence of an answer on behalf of the minors. (*Lukua* v. *Manaia,* 21 Haw. 160, 163, 164.) But where, as here, it now appears upon this appeal that parties to the cause being minors may have substantial interests in the subject-matter of the suit which for failure of their guardian ad litem to answer the bill of complaint or otherwise represent them therein may become lost to such minors this court may and should refuse to further proceed with the appeal and may and should of its own motion reverse the final decree and remand the cause for further proceedings consistent with its opinion accompanied by such directions to the trial court as it may deem necessary and proper to insure the representation of the interests, if any, of such minors.

The court therefore, of its own motion, orders that the amended decree of December 29, 1923, be vacated

Syllabus.

and set aside and the cause remanded for further proceedings consistent with this opinion with directions to the trial court to. order the present guardian ad litem of the Aiau minors or such guardian ad litem as the court may appoint to answer the bill of complaint herein as it now exists or may hereafter be amended, and, in the event of the assertion by said minors of any claim of interest in any of the lands subject to the lease of T. K. Lalakea to the Laupahoehoe Sugar Company dated November 10, 1911, and/or any of the rentals accrued or to accrue therefrom, to take such appropriate proceedings in regard thereto as may be proper in the premises; such proceedings, however, not to be exclusive of any and all other proceedings that may properly come before the trial court in respect to the issues involved.

· *H. Edmondson* (also on the briefs) for plaintiff in error.

*W. B. Pittman* (also on the briefs) for defendant in error Solomon K. Lalakea.