### In re PRUDENCE CO., Inc.

### Application of RECONSTRUCTION FINANCE CORPORATION.

### In re EDDY.

### Nos. 27496, 27048.

District Court, E. D. New York.

Sept. 19, 1939.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, of New York City, of counsel), for Reconstruction Finance Corporation.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Samuel Silbiger, of Brooklyn, N. Y., for George E. Eddy.

MOSCOWITZ, District Judge.

Reconstruction Finance Corporation has moved for an order adjudging that "(a) there has been no filing and docketing of a record on the appeal of the said George E.

Eddy in this case in the manner required by the Rules of Civil Procedure for the District Courts of the United States and (b) the Clerk of this Court is directed to furnish a certified copy of such order to the Clerk of the Circuit Court of Appeals, and further to certify to the Clerk of the Circuit Court of Appeals that the time for the filing and docketing of the record on the appeal of the said George E. Eddy in this case has expired; and why such other, further and different relief should not be granted in the premises as may be just and proper."

The facts are that a notice of appeal dated June 16, 1939, from this Court's order dated May, 26, 1939, confirming the plan of reorganization for the debtor, was filed by appellant. Thereafter, no action by appellant was taken to perfect his appeal until July 24, 1939, two days before the expiration of the forty days period allowed by the Rules of Civil Procedure for the filing of a record on appeal. Rule 73 (g), 28 U.S.C.A. following section 723c. On that day, appellant served a designation of the record upon the appellees. Though the Rules (rule 75) provide for a ten day period within which the appellees may file a counter-designation, by service of the appellant's designation on the thirty-eighth day, appellees could not file a counter-designation prior to the expiration of the forty days provided for filing a printed record.

Appellant applied for an extension of time to September 5, 1939, to file his record on appeal which motion was heard by Judge Inch on July 25, 1939, and an extension granted to August 1, 1939, and the question of a further extension was referred to this Court. The motion was opposed by Reconstruction Finance Corporation and Prudence Realization Corporation.

The Attorney General of the State of New York had rendered an opinion to the Superintendent of Banks, advising that the New Company was not violating the New York Banking Law (Consol. Laws, c. 2). Appellant's complaint to the Superintendent had been the occasion for the Attorney General's opinion. This objection to the plan was the most substantial one urged before this Court in appellant's filed objections and overruled by the Court. The further objection of the materiality of the amendments to the plan submitted by Reconstruction Finance Corporation with the consent and approval of the attorneys representing substantial creditors who had intervened in this proceeding, was also necessarily considered by the Court prior to the signing of the order of confirmation. The basis for the eleventh hour attack on the fairness of the plan had been the subject of consideration by the intervenors' attorneys from the moment the plan was proposed, and the many modifications made in the plan represented the joint suggestions of Reconstruction Finance Corporation and other creditors representing fiduciary interests requiring maximum protection. This Court was familiar with the progress of the plan from the beginning. The hearings on the plan were held by this Court in order to avoid the expense of a reference to a Special Master, and every effort was made to expedite the termination of this proceeding either by way of a fair plan of reorganization or by liquidation under Section 77B (k) of the Bankruptcy Act, 11 U.S.C.A. § 207 (k), if a fair plan of reorganization could not be accepted. The Court had on its own motion entered an order fixing April 22, 1938, as the date upon which either a plan possible of acceptance should be filed or an order of liquidation entered. The original plan proposed by Reconstruction Finance Corporation was filed on April 21, 1938. Not alone attorneys for creditors, but individual creditors themselves appeared before this Court and urged that the plan be forwarded to creditors and every effort be made to avoid liquidation. In response to that request, and with the view that the creditors themselves should have an opportunity to indicate whether they preferred a plan or bankruptcy liquidation, the Court directed that the plan be forwarded to all creditors. An order to that effect was entered in April 1938, and over $97,000,000 in acceptances were filed and the plan, as modified, confirmed on May 26, 1939, without dissent other than that raised by appellant who took no interest in the proceeding or the plan until virtually the date of confirmation. The expedition with which the various objections were satisfied or adjusted indicates a fair and reasonable approach to the problems by the interested parties. Each of the questions raised by the appellant with the exception of the materiality of the later amendments, was raised by other parties and disposed of by the Court long before this appellant made any appearance in this Court. Though appellant argues that the disposition of his objections was based upon the fact that he held only $17,000 in

claims against the estate, it may be noted that the objection based upon the illegality of the new corporation as exercising powers in violation of the Banking Law was raised by Brooklyn Trust Company, a creditor representing over $5,000,000 in claims, and was disposed of by this Court almost a year before appellant filed his objections to the plan. Though he had received a copy of the original plan, and was or should have been aware of the continuous public hearings held on the plan, appellant took no part in the hearings or negotiations on the plan for a full year and then appeared and restated objections previously passed upon, and urged a further objection which the Court believed untenable.

With the knowledge of these facts, and beyond that the opinion of the Attorney General on the question of illegality before it, and no good cause being shown by appellant for a further extension, this Court denied appellant's motion for additional time to file his record on appeal beyond August 1, 1939. However, on July 31, 1939, he secured the certification by the Clerk of this Court to a record submitted by appellant in accordance with the designation which he had filed, and without regard to any counter-designation which might be filed by the appellees within the unexpired time allowed for such filing by the Rules. Upon examination of the filed record and the points to be relied upon by appellant, this Court is of the opinion that the record filed by appellant is inadequate to fully present the issues to be argued upon an appeal and that amplification to a considerable extent is necessary.

The Court is familiar with the fact that the pending appeal will interfere with the administration of the assets of this estate by the new corporation, and may interfere with the distributions to creditors provided for in the plan. The Court asked appellant's counsel upon the argument of this motion what pecuniary loss was being suffered by appellant under the plan, and counsel's reply was that his client's constitutional rights were being impaired. The Court cannot agree that appellant's constitutional rights have been affected.

Reconstruction Finance Corporation by this motion seeks a determination that a proper record was not filed within the time permitted by the Rules, and has stated that upon that basis it will move in the Circuit Court of Appeals for this Circuit for a dismissal of the appeal. Appellant argues that the granting of this motion may prevent the appeal being argued on the merits before the Circuit Court.

The facts as to the filing of the record as they existed prior to the making of this motion must be submitted to the Circuit Court upon the argument of the motion to dismiss. Irrespective of any disposition made of this motion by this Court, the Circuit Court of Appeals may in its discretion either grant or deny the motion to dismiss. Beyond the determination that in the Court's opinion the record as filed is incomplete no other finding will be made. Since the matter involves the validity of an appeal on a record already filed with the Circuit Court, it would appear that the determination of that question be properly made by the Circuit Court.

Settle order on notice in conformity with the above opinion.