## In re TALTAVULL'S ESTATE.
### No. 48471.

District Court of the United States for the District of Columbia.

Jan. 13, 1940.

George E. Sullivan, of Washington, D. C., for administrator Joseph P. Burke.

Richard E. Wellford, of Washington, D. C., guardian ad litem for minors.

LUHRING, Associate Justice.

This is a motion by Joseph P. Burke, the appellant, for an extension of time within which to file the record on appeal with the United States Court of Appeals for the District of Columbia.

The notice of appeal was filed November 29, 1939. The motion for extension of time was filed herein on the 8th day of January, 1940, and was presented to the court at 1:30 p. m. on that day. Objection was made to the granting of the motion, and counsel for appellee cited the case of In re Prudence Co., Inc., 29 F. Supp. 630, in support of the objection. The court was then engaged in the hearing of another matter and, after briefly hearing the objection, took the matter of the motion and objection under advisement, with the understanding that any action taken would be taken as of January 8th, 1940, and that the order granting or sustaining the motion would be entered nunc pro tunc.

Rules 73, 75 and 76 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, govern the appeal to a Circuit Court of Appeals. Rule 75 deals with the record on appeal and in subdivision (a) requires the appellant, promptly, after the appeal is taken, to serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal. Subdivision (a) further provides that within ten days thereafter the appellee may file a designation of additional portions of the record, proceedings and evidence to be included.

Rule 73(g) provides that this record on appeal "shall be filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal." However, that rule au- thorizes the district court "in its discretion" and with or without motion or notice to extend the time for filing the record on appeal and docketing the action, but not to a day more than 90 days from the date of the first notice of appeal.

The motion to extend was filed on the last day of the forty-day period.

The hearing of this case covered a period of approximately four days. A number of witnesses were called and a number of exhibits were read in evidence. The evidence and proceedings at the trial were stenographically reported and transcribed. A transcript of the evidence and proceedings before the auditor of this court was also presented.

The testimony of the witnesses must necessarily be designated for inclusion in the record, and while this testimony may be in narrative form, it may be in question and answer form. Rule 75(c). In the latter event, counsel is saved much time and labor. The transcript of the testimony is available.

In the case of In re Prudence, Co., Inc., supra, a notice of appeal, dated June 16th, 1939, from this court's order dated May 26, 1939, confirming the plan of reorganization for the debtor, was filed by appellant. Thereafter, no action by appellant was taken to perfect his appeal until July 24, 1939, two days before the expiration of the forty-day period allowed for the filing of the record on appeal. On that day, the appellant served a designation of the record upon the appellees. The court pointed out that the appellees were allowed ten days thereafter to file a counter designation, and that by the service of the appellant's designation on the thirty-eighth day, they could not file the counter designation prior to the expiration of the forty days provided for filing a printed record.

The appeal was dismissed by the Circuit Court of Appeals (Second Circuit) because of the delay in serving the designation of record since the appellees were thereby deprived of the ten-day period within which to file a counter designation.

The appellant requests an extension to and including the 10th day of February, 1940, an additional period of thirty-three days. Bearing in mind that the appellee must be given ten days after the service and filing of the appellant's designa-

tion of record to file a counter designation, this will give the appellant ample time to prepare and serve his designation.