KO FUKUNAGA *v.* KANAME FUJINO.

No. 2755.

ARGUED MAY 10, 1950.  DECIDED JUNE 2, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY LE BARON, J.

These are special proceedings under the rent control ordinance of the City and County of Honolulu and the laws of the Territory (ord. no. 941, § 4 [2] as am. by ord. no. 967; R. L. H. 1945, § 9658). The maximum rent-ceiling applicable to the landlord's housing accommodation in this case was fifteen dollars per month. The landlord

initiated proceedings for an upward adjustment in such rent-ceiling by petitioning the commission of rent control to increase the amount of that rent-ceiling to twenty-three dollars per month. The commission referred his petition to the administrator of rent control who granted a hearing to which the tenant was a party. The administrator recommended an order to raise such rent-ceiling to twenty-one dollars per month and that proposed order became the final order of the commission five days later, neither party requesting the commission to review it. Nevertheless, within twenty days of the order, the tenant by her attorney commenced proceedings to obtain judicial review of the order before the circuit court by filing in that court an unverified petition for review, alleging grounds of review which presented questions of law as to the sufficiency of the evidence and as to the legislative intent of the rent control ordinance. After a hearing *de novo* the circuit court reviewed and affirmed the order of the commission. The tenant now brings a bill of thirty-one exceptions to this court. She specifies and relies upon thirty-seven alleged errors presenting questions of law in challenge of the circuit court's review and affirmance of the commission's order.

On scanning the record of the hearing *de novo,* this court *sua sponte* raises the question of its jurisdiction to entertain the bill of exceptions. The answer to this question depends upon whether or not the tenant at that hearing so acquiesced in the validity of the order of the commission, or took a position so inconsistent with the right of judicial review by the circuit court and that of appeal to this court, that she impliedly waived her right to appeal from the affirmance of that order. If she did, the tenant is barred from exercising that right of appeal and has no appealable interest in any of the subjects to which she

took exceptions.

The tenant on filing the petition for review of the commission's order of upward adjustment was presumably a "party aggrieved thereby," otherwise she would have had no authority to have so commenced proceedings in the circuit court to obtain a judicial review under the statute. (R. L. H. 1945, § 9658.) But the presumption of grievance, arising from the effect of the order and the filing of the petition, is not conclusive. It is a rebuttable presumption. If rebutted and the lack of grievance established as a fact by clear and convincing evidence at the hearing *de novo* before a judicial review had been obtained, the tenant would not have been entitled to such a review and, therefore, would not have been injured as to any legal rights on subsequent review merely by an affirmance of the order.

At the hearing *de novo* the tenant did not take the witness stand, but called her son as her only witness. He testified in her presence and without contradiction from any source that he lives with the tenant in the housing accommodations, that he is her "spokesman" with authority to say that the order is "pretty favorable" to her and that she so regards it. No attempt was made to deny the truth of this testimony or to impeach the credibility of the witness. On the contrary, the tenant herself remained silent and in effect vouched for his credibility by having called him to the witness stand as her witness in close interest with her. Under these circumstances the tenant is deemed to have adopted his testimony as her own and to have concurred in its proof as to her satisfaction with the order, the necessary implication being that she had no cause of complaint against the order and that she herself was the antithesis of a "party aggrieved thereby" within the meaning of statute entitling such a party to a review

before the circuit court. That testimony, having been so adopted and its proof so concurred, conclusively rebutted the presumption of grievance and clearly and unmistakenly established the tenant's complete satisfaction with the order as being propitious to her. Moreover, it likewise proved that she was not entitled to a review under the statute, the right thereto being purely statutory, and could not be injuriously affected in legal rights by a subsequent review which merely affirmed the order in the absence of grievance against that order itself. At the close of the hearing *de novo* it constituted a valid ground upon which to predicate a dismissal of the tenant's petition for review. Nevertheless, the circuit court did not dismiss the petition, even though warranted, but accomplished the same result on subsequent review by affirming the order.

At this juncture it is pertinent to note that the attorney for the tenant did not remain silent during the testimony of her satisfaction with the order. He strenuously objected and excepted to its admission in evidence and successfully thwarted the circuit court's inquiry into the reasons for the tenant's evident satisfaction with the order. However, he did not challenge the credibility of the witness relative to the subject of a lack of grievance on the part of the tenant, but in effect vouched for it by continuing to examine the witness even though he led the witness away from that subject. Nor were his efforts directed toward arriving at the truth on such subject, but rather at its exclusion and avoidance compatible with a fear of it. Such conduct constituted a frivolous attempt to conceal the tenant's lack of grievance and to prevent the circuit court from examining its own jurisdiction of review. It thereby amounted to an imposition upon that court by one of its officers and is subject to the fair inference of being unprofessional. The attorney for the landlord in-

timated as much in his supplemental brief which the attorney for the tenant moves be stricken on the ground that it is scandalous and defamatory. But this court does not find such brief to be either scandalous or defamatory and therefore refuses to strike it.

The undisputed testimony of the sole witness for the tenant, made in her presence as her spokesman in close interest with her, conclusively established that she had no grievance against the order of sufficient import to entitle her to a judicial review of it under the statute,—demonstrated by the circumstances of her unconditional, voluntary and absolute silence in tacit adoption of and concurrence in that testimony, as well as by those of the frivolous efforts of her attorney to exclude the facts of her evident satisfaction with such order and his successful thwarting of inquiry into the reasons for it. Consequently, her challenge of the subsequent review and affirmance of that order as made by her questions of law, presented on appeal to this court, amounts to nothing more than a mere abstraction requiring no appellate consideration. In short, the position taken by the tenant at the hearing *de novo* toward the order prior to its judicial review not only was inconsistent with the right to have one, but is so inconsistent with the right to appeal from a subsequent review and affirmance of that order that she impliedly waived such right of appeal. She is, therefore, barred from exercising that right. (See *Laupahoehoe Sugar Co.* v. *Lalakea,* 28 Haw. 310, 327, for statement of the applicable rule.)

Bill of exceptions dismissed.

*C. Y. Shimamura* (also on the briefs) for petitioner-appellant.

*R. K. Murakami* (*Murakami & Marumoto,* also on the brief) for respondent-appellee.