## IN THE MATTER OF THE ESTATE OF ALICE HOLI, DECEASED.

### No. 4033.

ARGUED MAY 27, 1957.                                      DECIDED MAY 31, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellee's motion to dismiss appeal is granted. Appellant filed his "bill of exceptions," which may be considered notice of appeal, in the circuit court within the time specified in rule 73 (a) of Hawaii Rules of Civil Procedure. But in order to have his appeal considered by this court, appellant must comply with the requirements of rules 73 (g) and 75 (a) of such rules.

The only record before us consists of appellant's bill of exceptions and appellant's designation of record on appeal and exhibits, both filed in this court on May 15, 1957, more than 90 days after the filing of the notice of appeal. The record on appeal was not docketed in this court within the time specified in rule 73 (g), nor does it show that the circuit court extended the time for docketing the appeal before the expiration of the time as originally prescribed or as extended by previous order. As a matter of fact the present appeal was docketed, not by appellant, but by appellee under rule 75 (j) in order to make in this court a motion for dismissal. Appellant states that the circuit court in fact made an order for extension before the expiration of the time as originally prescribed, but appellant's designation of record on appeal does not show such order. It is also to be noted that rule 8 (a) of the rules of this court provides that "Upon motion filed in this court, for good cause, the time for docketing the appeal and for filing the record may be shortened or extended to secure the just, speedy and inexpensive deter-

mination of the appeal." Appellant did not file such motion in this court, and in any event, we do not consider that there is good cause for extension. That an attorney is preoccupied with other matters is not good cause to excuse his failure. Not only did appellant fail to docket his appeal in this court within the prescribed time, but he also failed to serve on the appellee and file with the circuit court a designation of the record on appeal *promptly* after the appeal was taken.

True, such failure does not affect the validity of appeal and is ground only for such action as this court deems appropriate. The action we deem appropriate is dismissal. (*Fong* v. *Glover,* 197 F. [2d] 710; *United States* v. *Fujisaki,* 198 F. [2d] 747; *Citizens' Protective League* v. *Clark,* 178 F. [2d] 703; *In the Matter of Plankinton Bldg. Co.,* 133 F. [2d] 900; *In re Prudence Co., Inc.,* 29 F. Supp. 630, 2 Fed. Rules Serv. 73 g.11, Case 1, *app. dism'd,* 2 Fed. Rules Serv. 73 a.23, Case 2.)

*Brahan Houston* for Nani Holi, administrator *de bonis non,* appellee, for the motion.

*Matsunaga & Oki* for *William C. Poka,* appellant, contra.