324

ARTHUR K. TRASK *v.* TAM SEE AND JAMES K. MURAKAMI, AUDITOR OF THE CITY AND COUNTY OF HONOLULU.

No. 4058.

No. 4060.

ARGUED JANUARY 20, 27, AND FEBRUARY 10, 1958.                    DECIDED FEBRUARY 24, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* In an action in the circuit court of the first circuit filed by Arthur K. Trask, plaintiff, against Tam See, defendant, and James K. Murakami, auditor of the City and County of Honolulu, garnishee, the court entered a judgment in favor of the plaintiff, pursuant to a verdict of the jury. The defendant and the garnishee took separate appeals to this court from the judgment, and the plaintiff moved to dismiss both appeals. The appeal of the defendant is docketed as No. 4058 and that of the garnishee as No. 4060.

MOTION TO DISMISS DEFENDANT'S APPEAL.

The motion is made on the ground that the defendant failed to file the record on appeal, and docket the appeal, in this court within the time prescribed in the rule 73 (g) of Hawaii Rules of Civil Procedure. That rule provides that such filing and docketing shall be done within forty

days from the date of the filing of the notice of appeal.

The judgment was entered on November 8, 1957. Under rule 73 (a), the defendant had thirty days from that date to take her appeal. However, she filed her notice of appeal on November 14. The forty-day period prescribed in rule 73 (g) expired on December 24. The record on appeal was not filed, nor was the appeal docketed, in this court by that date.

The prescribed period begins to run from the date of the filing of the notice of appeal, not from the final date on which the notice of appeal could have been filed. (*Bluford* v. *Canada,* 1 F. R. D. 567)

Rule 73 (g) further provides that the circuit court, with or without motion or notice, may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order.

On January 3, 1958, fifty days after the filing of the defendant's notice of appeal, the circuit court entered an order reading as follows: "Upon the oral motion of the Clerk of Court and GOOD CAUSE APPEARING THEREFORE: IT IS HEREBY ORDERED that the said Clerk of Court shall have up to and including the 11th day of February 1958, within which to docket with the Clerk of the Supreme Court of the Territory of Hawaii the Record on Appeal in the above entitled cause." The record on appeal, except the transcript of the evidence and proceedings, was filed in this court on January 20, and the transcript was filed on February 11, all within the time prescribed in the order.

The order of the circuit court is ineffective to extend the time because it was made after the expiration of the period as originally prescribed and there was no previous order extending the time. (*Bluford* v. *Canada, supra;*

*Burke* v. *Canfield,* 111 F. [2d] 526) However, failure to comply with rule 73 (g) is not jurisdictional. Under rule 73 (a), such failure is ground only for such action as this court deems appropriate, which may include dismissal of the appeal.

In this case, we think that the facts presented to this court show mitigating circumstances sufficient to excuse the defendant from literal compliance with the provisions of the rule. We therefore deny the plaintiff's motion to dismiss the defendant's appeal.

In *Burke* v. *Canfield, supra,* a case involving a request for extension of time to file the record on appeal and docketing the appeal under the Federal rules, the court stated: "The new rules are intended to liberalize procedure in that regard and to avoid the harshness of the old rules which often required us to decline consideration of the merits because of counsel's neglect to comply with the rules. * * * But even so, the change does not contemplate a complete breakdown of all rules. * * * We think it timely to advise the bar that we intend to exercise sparingly our discretion to save an appeal prosecuted in disregard of the rules. For notwithstanding the modern trend, which we fully approve, it is desirable that courts and counsel bear in mind Justice Story's admonition that 'infinite mischief has been produced by the facility of courts of justice in overlooking errors of form.'" The court, in that case, despite its expressed reluctance to exercise its discretion to save an appeal prosecuted in disregard of the rules, denied the motion to dismiss the appeal because the rules were new and the specific point involved in the motion was one upon which opinion differed.

In *Miller* v. *United States,* 117 F. (2d) 256, the court stated that the provision in the Federal rules limiting the time for filing the record on appeal and docketing the appeal was designed to guard against dilatory tactics and

denied the motion to dismiss the government's appeal on a finding that the government was diligent.

In this case the defendant was not guilty of dilatory tactics. Quite the contrary is true. She filed with the official court reporter a request for a transcript of the evidence and proceedings on November 6, two days after the verdict of the jury and two days before the entry of the judgment. At the same time she paid $550 to the reporter for the full cost of the transcript. In the request, she stated that the original of the transcript was intended to be filed with the defendant's designation of contents of record on her proposed appeal. She filed her notice of appeal on November 14, six days after the entry of the judgment although she had thirty days within which to do so. Simultaneously with the notice of appeal, she filed a designation of the record on appeal. Her counsel immediately notified the reporter of the filing and inquired of him whether the latter could complete the transcript within the forty-day period prescribed in the rule. The reporter stated to the counsel that if he could not complete the transcript in time he would so advise the clerk of the circuit court in charge of the preparation of the record on appeal and that the clerk would obtain from the court the necessary extension of time on a regular form prepared by the court for such purpose. The reporter's statement was based upon his conversation with the clerk and the practice in the circuit court. About the middle of December, the reporter advised the clerk that he would be unable to complete the transcript within the prescribed time. The clerk, thereupon, told the reporter that he would obtain an extension from the court. On December 23, the counsel telephoned the office of the clerk to ascertain whether or not an extension had been obtained. The counsel understood from his conversation with the secretary of the clerk that an extension to January 6, 1958, had been obtained.

That was a misunderstanding on the part of the counsel. In fact the clerk did not obtain an extension until January 3. The clerk did not obtain an extension before January 3 because he figured that he had forty days from the date of filing of the garnishee's notice of appeal within which to obtain the extension. The garnishee filed his notice of appeal on November 26, and the forty-day period after such filing expired on January 5. The clerk's thinking was based upon the fact that rule 75 (k) provides that when more than one appeal is taken from the same judgment, a single record on appeal shall be prepared containing all the matter designated or agreed upon by the parties, without duplication.

The plaintiff argues that the defendant was negligent in depending upon the clerk of the circuit court to obtain the extension, and cites *Estate of Brown,* 24 Haw. 711. That case involved a requirement under the old rules that the necessary papers on appeal be filed within twenty days after the taking of the appeal or within such further time as may be allowed by the court. This court held that the appellant's reliance upon the clerk of the circuit court to file the papers in time did not excuse the delay in filing.

There are differences in the circumstances shown in that case and in this case.

In that case, the appellant, after filing his notice of appeal, assumed that the clerk of the circuit court would file the necessary papers and did not check with the clerk whether the papers had been filed. There was no showing of any justification for such assumption.

Under rule 73 (g) of the new rules, the circuit court may grant an extension, with or without motion or notice. It appears that under the new rules a practice has developed in the circuit court of the First Circuit of placing the responsibility of obtaining an extension on the clerk. Thus, the clerk is provided with a supply of form of order of extension prepared on a ditto duplicator. When he is

unable to assemble the record on appeal in time, he completes the form and obtains the signature of the judge thereto.

The clerk of the circuit court should not be burdened with the responsibility of obtaining an extension. His duty under rule 75 (g) is to assemble, certify and file the record on appeal. When the record is filed, it is the duty of the clerk of this court, under rule 1 (d) of the rules of this court, to docket the appeal. The responsibility of seeing that the filing and docketing are done within the prescribed time, and of obtaining an extension of time when necessary, rests properly with the appellant.

However, because of the prevailing practice in the circuit court, we cannot say that the defendant was negligent in relying on the statement of the reporter that the clerk would obtain the necessary extension and in assuming from the conversation with the secretary of the clerk that the extension had been obtained.

The denial of the plaintiff's motion to dismiss is not in conflict with our ruling in *Estate of Holi*, 42 Haw. 74. In that case, the record before this court showed a flagrant disregard not only of rule 73 (g), but also of rule 75 (a). Rule 75 (a) requires the appellant to serve upon the appellee and file in the circuit court a designation of contents of record on appeal promptly after an appeal is taken. In that case, the appellant filed in the circuit court an allowance of bill of exceptions, which we construed as a notice of appeal, within the time prescribed for the filing of a notice of appeal. He did nothing further for seventy-four days. On the seventy-fourth day after the filing of the allowance of bill of exceptions, he obtained from the circuit court an extension of time to perfect his appeal. He filed his designation, not promptly, but ninety days after the filing of the allowance of bill of exceptions. He failed to have the record on appeal filed, and the appeal docketed,

in this court even within the additional time allowed by the circuit court to perfect the appeal.

MOTION TO DISMISS GARNISHEE'S APPEAL.

The motion is made on four grounds, namely:

(a) that the garnishee did not file his notice of appeal within thirty days from the date of the filing of the final order against him;

(b) that the garnishee did not, at the time that the ruling or order of the circuit court was made or sought, make known to the court the action which he desired the court to take or his objection to the action of the court and his grounds therefor;

(c) that the garnishee waived his right to have the orders of the circuit court reviewed by this court; and

(d) that the garnishee is not an aggrieved party.

The garnishee was served with garnishee summons when the action was commenced against the defendant. He failed to make a disclosure required by the statute.

On June 21, 1955, the plaintiff filed a motion for an order to restrain the garnishee from paying to the defendant the sum of money owing her by the City and County of Honolulu, and at the same time obtained a temporary restraining order. At the hearing on the motion, the plaintiff showed to the court by documentary evidence and by the garnishee's testimony that the board of supervisors of the City and County of Honolulu had appropriated $38,000 to pay the amount of compromise settlement with the defendant in a condemnation proceeding, that the payment of the sum to the defendant had the approval of the city and county controller, and that the garnishee withheld the payment, upon instruction of the city and county attorney, because of the defendant's failure to sign the deed to the land involved in the condemnation proceeding. On August 1, 1955, the court entered an order adjudging

that the $38,000 appropriated by the board of supervisors of the City and County of Honolulu was a debt within the garnishment statute and denying the motion for a restraining order "in view of the representation made to the court by garnishee that the terms and provisions of Chapter 212, Revised Laws of Hawaii 1945, will be carried out." The mentioned chapter related to garnishment proceedings.

The defendant appealed to this court from the order, but this court dismissed the appeal on the ground that the order was interlocutory and not final. The garnishee did not appeal from the order. He took no further part in any proceeding connected with the case until after the entry of the judgment.

The judgment required the garnishee to pay to the plaintiff's counsel the amount adjudged to be owing by the defendant to the plaintiff. Plaintiff's counsel presented to the garnishee a certified copy of the judgment and demanded payment. The garnishee refused. Thereupon the plaintiff obtained and served upon the garnishee an order requiring him to show cause why he should not be held in contempt of court for failure to make the payment. Only then did the garnishee file his notice of appeal from the judgment.

In his notice of appeal, the garnishee repeated *haec verba* the grounds stated by the defendant in her earlier appeal, namely:

"1. The Court erred in adjudging that the sum of $38,000.00 appropriated by the Board of Supervisors of the City and County of Honolulu for the acquisition of the lands of Tam See is subject to garnishment while in the hands of the City and County Auditor and prior to the receipt by him of a deed of conveyance.

"2. The Court erred in adjudging that the appropriated $38,000.00 is a debt within the meaning of Section 10301, R. L. H. 1945, and subject to garnishment process.

"3. The Court erred in failing to find that any obligation of The City and County of Honolulu to pay any portion of the $38,000.00 to Tam See is not absolute but is contingent upon the delivery to it by Tam See of a Deed conveying to it the subject land."

The judgment, insofar as it affects the garnishee, was entered in accordance with the order of August 1, 1955. The failure of the garnishee to appeal from the order does not preclude him from appealing from the judgment, for the order was interlocutory both as to the defendant and the garnishee. (*Cushing* v. *Laird*, 107 U. S. 69)

However, the garnishee, through his counsel, unequivocally expressed to the court his acquiescence in its determination as to the nature of the sum appropriated by the board of supervisors for payment to the defendant. The deputy city and county attorney testified at the hearing as follows:

"Q Is there any debt, actual fixed debt, unconditional debt due and owing to Mrs. Tam See?

"A That's why we are here this morning, to find out. That's the matter — I have taken the attitude that is something for the court to decide and that is why we are here this morning."

Thus, the garnishee took a completely passive attitude and did not assist the court in any manner in reaching its decision. His counsel did not present any argument or memorandum of authorities, although counsel for the plaintiff and defendant did.

Where a party acquiesces in an order, he may not appeal therefrom. (*Laupahoehoe Sugar Co.* v. *Lalakea*, 28 Haw. 310; *Fukunaga* v. *Fujino*, 38 Haw. 556; 2 Am. Jur., *Appeal and Error*, § 211; 4 C. J. S., *Appeal and Error*, § 212)

Furthermore, on the basis of such facts, the doctrine of judicial estoppel operates against the garnishee and precludes him from questioning the order. (*Davis* v.

*Wakelee,* 156 U. S. 680; *Luther* v. *Clay,* 100 Ga. 236, 28 S. E. 46; 19 Am. Jur., *Estoppel,* § 72; 31 C. J. S., *Estoppel,* § 117) The doctrine of judicial estoppel is stated in Corpus Juris Secundum, *supra,* as follows:

> "The application of the doctrine of equitable estoppel to the assumption of inconsistent positions in judicial proceedings should be distinguished from another doctrine often applied to such inconsistent positions, and known as the doctrine of 'judicial' estoppel. This doctrine, it has been said, is not strictly one of estoppel, but partakes rather of positive rules of procedure based on manifest justice and, to a greater or less degree, on considerations of the orderliness, regularity, and expedition of litigation. The elements of reliance and injury which are essential to the operation of equitable estoppel do not enter into judicial estoppel, at least not to the same extent; and while some authorities in applying the doctrine of judicial estoppel have taken cognizance of the presence or absence of such elements, this has been said to be the result of confusing the two doctrines. However, in order to work a judicial estoppel, the position first assumed must have been taken knowingly and free of inducement by the opposite party. Although * * * the doctrine of judicial estoppel applies with particular force to admissions or statements made under sanction of oath, it has been held not restricted to such statements, but applicable to inconsistent positions otherwise taken."

*Sorensen* v. *Lascy,* 42 Cal. App. (2d) 606, 109 P. (2d) 713, involved a situation similar to this case. There, prospective purchasers of real property brought an action against the seller and the broker to recover the amount of deposit paid to the broker, and the seller filed a cross-complaint against the broker to recover the deposit. The

trial court denied the purchaser's claim but held that the seller was entitled to recover from the broker. At the trial, the court asked the broker, "What are you going to do with this $500?" The broker answered, "I want to give it back to whoever the court decides I should give it to." The appellate court dismissed the broker's appeal from the judgment, stating: "It would be highly unfair to the trial court and to respondent to permit appellant to attack the judgment after they had been led to believe that he had abandoned his claim to the money."

We, therefore, grant the plaintiff's motion to dismiss the garnishee's appeal. However, the garnishee is liable to pay the amount of the judgment, as ordered therein, only in the event that the judgment is affirmed by this court upon consideration of the defendant's appeal.

*Richard D. Welsh* for plaintiff-appellee, for the motion in Case No. 4058, and *Arthur K. Trask,* plaintiff-appellee in person, for the motion in Case No. 4060.

*Daniel G. Ridley* for defendant-appellant, contra, in Case No. 4058.

*Vernon T. Tashima,* Deputy City and County Attorney, and *Stanley Ling,* Deputy City and County Attorney, for garnishee-appellant, contra, in Case No. 4060.