IN THE MATTER OF THE ESTATE OF JOHN ALBERT MATTHEWMAN, DECEASED.

No. 4107.

ARGUED JANUARY 5, 1959.                    DECIDED JANUARY 13, 1959.

RICE, C. J., MARUMOTO, J., AND CIRCUIT JUDGE CRUMPACKER
IN PLACE OF STAINBACK, J., DISQUALIFIED.

*Per Curiam.* Appellants in this case are Bruce M. Clark and Ralph E. Corey, attorneys licensed to practice in all of the courts of the Territory of Hawaii and practicing in Honolulu in copartnership under the firm name of Clark and Corey. They represented Jenny Wilhelmina Matthewman Veit in prosecuting her claim to a share in the Estate of John Albert Matthewman, Deceased, as the lawful widow of the deceased. The circuit judge denied the claim and determined that Frieda J. I. Matthewman is the lawful widow. Upon such determination, appellants filed a motion for

allowance of their attorneys' fee out of the assets of the estate. The instant appeal is from an order of denial of the motion.

Appellants filed timely notice of appeal. However, they failed to take the further steps to secure the review of the order appealed from in the manner provided in Hawaii Rules of Civil Procedure. Although such failure does not affect the validity of the appeal, it is ground for such remedies as this court deems appropriate, including dismissal of the appeal. Cooke Trust Company, Limited, administrator de bonis non of the estate, has filed a motion in which it urges that the appropriate remedy is dismissal of the appeal. The lawful widow and the heirs at law of the deceased have joined in the motion.

Appellants failed to comply with the requirements of the applicable provisions of Hawaii Rules of Civil Procedure in the following particulars:

(a) They did not file the bond for costs on appeal *with* the notice of appeal, as required under rule 73 (c). They filed it 28 days after the filing of such notice.

(b) They did not file the designation of contents of record on appeal *promptly* after the appeal was taken to this court, as required under rule 75 (a). They filed it 68 days after the filing of the notice of appeal.

(c) They did not file the record on appeal and docket the appeal in this court within 40 days from the date of filing of the notice of appeal, as required under rule 73 (g), nor did they obtain an extension of time for doing so from the circuit judge, as provided under the same rule. They filed the record on appeal and docketed the appeal 73 days after the filing of the notice of appeal.

(d) They did not file with the designation of contents of record on appeal a transcript of the evidence included in their designation, as required under rule 75 (b). They included in their designation *all* evidence in the action, but the transcript covers only the portion of the testimony relating to their attorneys' fee. If they intended to designate only such portion of the evidence, rule 75 (d) requires them to file a statement of the points on which they intend to rely on the appeal. They did not file such statement.

Appellants do not deny that they failed to comply with the rules, nor do they question our authority to dismiss the appeal for

such failure. But they urge upon us that there are mitigating circumstances which warrant us in treating their failure as excusable neglect.

The circumstances upon which appellants rely are as follows: that, immediately after appellants took their appeal, Corey was actively engaged in a political campaign and applied himself more to the demands of the political campaign than to his legal practice; that, shortly after the political campaign ended, Corey was preoccupied with the preparation of a brief in another case on appeal in this court; that, for some unexplained reason, the dates on which the further steps were required to be taken on this appeal were not noted in the time schedule maintained at their office; and that there was a delay in making the necessary arrangement with the court reporter for the preparation of the transcript and its delivery to the clerk of the circuit court.

In our opinion, none of the circumstances mentioned by appellants warrants us in treating their failure to comply with the rules as excusable neglect.

Preoccupation of an attorney with other matters does not generally excuse failure to comply with the rules. (*Estate of Alice Holi, Deceased,* 42 Haw. 74; *Citizens' Protective League* v. *Clark,* 178 F. [2d] 703; *Tucker Products Corporation* v. *Helms,* 171 F. [2d] 126; *Maghan* v. *Young,* 154 F. [2d] 13.) Especially is this true where there is a co-counsel in the case. Here, the showing is that Corey was otherwise occupied; there is no showing that Clark was unavailable.

In *Gammill* v. *Federal Land Bank of St. Louis,* 129 F. (2d) 501, appellant was represented by three co-counsel. He asked leave to docket his appeal after the expiration of the time specified in the rules on the ground that timely docketing was prevented by the illness of a co-counsel. The court denied the motion for such leave, pointing out that no reason was shown why, if one counsel was ill, the others could not carry out the necessary steps.

The fact that appellants did not get a reminder of the deadline dates because of a failure in their normal office procedure is no excuse at all. In *Stumph* v. *Matthews,* 195 F. (2d) 25, the appeal was not docketed in time because appellant's counsel thought that his secretary would attend to the matter while he was away on a

vacation and the secretary was under the impression that the counsel had done so before he left on his vacation. The court held that the excuse offered was not convincing and that it could not afford relief to appellant by enlargement of time under its rule specifically authorizing it to grant such relief where the failure to act was the result of excusable neglect. True, the court in that case denied the motion to dismiss, but that was because the personal liberty of appellant was involved and the appellant was not guilty of personal neglect in connection with the failure to file the record on time and had no reason to doubt that his counsel would give due attention to the appeal. Here the neglect is that of appellants themselves.

With regard to the transcript, we have an affidavit of the court reporter stating that she had the transcript ready about 14 days after the appellants filed their notice of appeal, that she withheld filing it immediately at Corey's request, and that she delivered it to appellants' employee, upon being paid for it, on or about the day that the appeal was docketed. At the hearing before this court, Corey confirmed that the reporter had the transcript ready as stated by her in the affidavit and that its delivery was delayed because payment for it was not made until the date of the docketing of the appeal. In the circumstance, the delay in obtaining the transcript does not constitute a valid excuse.

Hawaii Rules of Civil Procedure have now been in effect for more than four years. The bar has had ample time to become familiar with them. They are designed to expedite the orderly administration of justice. While they give the courts some latitude in the application of certain of their provisions, they are intended to be followed. Strict compliance with them must be the general rule. Otherwise their purpose will be frustrated. We are mindful of Mr. Justice Story's statement that "infinite mischief has been produced by the facility of courts of justice in overlooking errors of form." We agree with *United States* v. *Schlotfeldt*, 123 F. (2d) 109, 111, in stating, "The rules of procedure were intended to expedite and simplify the practice and procedure. Ample provision is made in the rules to relieve against hardship and excusable neglect. There is no room for inexcusable neglect and long delay, and where both appear, as in this case, it seems to us a good

time to indicate that the rules of this Court and of the Code of Civil Procedure have some meaning and purpose."

Motion to dismiss the appeal is granted.

*A. J. Wriston, Jr. (Stephenson & Ashford)*, for Cooke Trust Co., Ltd., administrator de bonis non, respondent-appellee, for the motion.

*Ralph E. Corey (Clark & Corey)*, movants-appellants, contra.

*Daniel H. Case (Pratt, Tavares & Cassidy)* for Frieda J. I. Matthewman, respondent-appellee.

*Donald C. Hamilton (Henshaw, Conroy & Hamilton)* for Ethel M. Kilpatrick and Helen B. Silver, respondents-appellees.

