THOMAS Y. K. YEE AND MARY N. Y. YEE, HUSBAND AND WIFE *v.* JAMES YASATO OKAMOTO, ALSO KNOWN AS JAMES Y. OKAMOTO, AND EVELYN YOSHIKO OKAMOTO, AND BISHOP NATIONAL BANK OF HAWAII AT HONOLULU, BANK OF HAWAII, LIBERTY BANK OF HONOLULU, AMERICAN SECURITY BANK, AND CENTRAL PACIFIC BANK, GARNISHEES.

No. 4171.

March 1, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* On February 12, 1960, defendants-appellees filed a motion to dismiss appeal. On the same day, at a later hour, plaintiffs-appellants filed a motion for extension of time to file their opening brief.

Appellants duly filed the record on appeal on Decem-

ber 18, 1959. Under Rule 3(a) of this court, the opening brief was due on January 18, 1960, since January 17, 1960, fell on a Sunday.

Counsel for appellants, in his affidavit and oral presentation before the court, admitted that the opening brief was past due, but forthrightly offered as reason for the delay his misapprehension as to the time within which the Rule aforesaid requires the filing of an opening brief. Believing the limitation to be 60 days instead of 30, he commenced the preparation of his brief but on February 9, 1960, while checking the rules, he discovered that he was in default. On the following day, he apprised appellees' counsel of the situation. Two days later, the motions above mentioned were respectively filed by counsel for both parties. On February 16, 1960, appellants' counsel completed the brief and deposited it in the clerk's office of this court pending the hearing of the motions.

The court is cognizant of the cases of a similar nature that have been ruled upon by it. There is no controversy here as to the court's discretion, as both parties admit, to determine each case on the basis of the facts presented. The authorities submitted by counsel on both sides, together with other cases not cited by them, have been reviewed. In every case, the criterion applied was the character and extent of counsel's default. Motions for dismissal were granted where the facts showed gross negligence, flagrant disregard of the rules, indifference, or failure to present facts in justification or mitigation of the default. The cases generally involved the issue of belated filing in this court of the record and docketing the appeal or of failure to comply with the requirements of Hawaii Rules of Civil Procedure. For instance, in the recent case of *Estate of Matthewman*, 43 Haw. 90, this court dismissed, on motion, the appeal on the grounds that the appellants were inexcusably in default for failure

to comply with said rules in several particulars and that counsel's preoccupation in other matters did not constitute a justifiable excuse.

*Iwamoto* v. *Medeiros,* 26 Haw. 235, and *Keahilihau* v. *King,* 25 Haw. 139, are two cases which involved the issue of untimely filing of the opening brief. The facts there impelled this court to grant the motion to dismiss the appeal. In the former case, the appellant failed "to make any showing which might excuse his inaction," nor did he tender his brief. In the latter, the appellant had obtained two extensions of time but allowed the second period to run out. At the time the first extension was allowed, he had already been in default. Without requesting a third extension, appellant belatedly filed his brief in utter disregard of the rules.

In *Trask* v. *Tam See,* 42 Haw. 324, this court denied the motion to dismiss, being satisfied that the facts presented showed mitigating circumstances. Under Rule 73 (g), the appellant had 40 days within which to docket his appeal and file the record in this court. On the 50th day, the circuit court, upon request of the clerk, entered an order extending the time for filing the record in this court up to and including February 11, 1958. The facts showed that appellant had received the assurance of the court reporter that if he could not complete the transcript of evidence in 40 days, he would so advise the clerk who in turn would obtain the necessary extension of time; that the clerk, believing that the 40-day period would run from the date of the garnishee's notice of appeal in the same case, to wit, from November 26, 1958, did not obtain an extension of time for the appellant until January 3, 1959. On the basis of the foregoing facts, this court, under Rule 73 (a), H.R.C.P., exercised its discretion and allowed the appellant to proceed with his appeal.

In the instant case, Rule 3 (f) of this court permits

us to exercise our discretion. Appellant's counsel acknowledges his mistake. For the first time, we have an unusual situation here wherein a member of the bar frankly admits that he believed he had 60 days within which to file his opening brief. We have no reason to question his honesty. When he discovered that he was mistaken as to the time allowed, he contacted and advised opposing counsel of that fact, and made haste to file a motion for extension of time and to complete his opening brief. The brief was completed and deposited with the clerk of this court on February 16, 1960, which date was the last day of the 60-day period that counsel mistakenly had believed was allowed.

This court does not condone or excuse any infraction of the established and promulgated rules of judicial procedure. Where, however, the noncompliance is factually found not to have been the result of indifference or callous disregard, but attributable to an honest mistake, and where there has been no palpable prejudice to other parties in the case, this court is warranted, under Rule 3(f), in considering such mitigating circumstances as may be presented.

Appellant's counsel, in the case at bar, should have made himself thoroughly conversant with the rules which govern the pursuit of his own profession. Although his default is reprehensible, he has made his presentation to this court with candor, and the record shows that upon discovery, he made every effort to and did place his brief on deposit with the clerk. Appellees' counsel admits the absence of any prejudice but informs the court that his clients object to the appeal for the reason that the suit in the court below was a frivolous one. On the basis of the foregoing facts, we are satisfied that this case is distinguishable from the previous cases and does not merit the severe penalty of dismissal.

Accordingly, appellees' motion to dismiss the appeal is denied, and appellants are ordered to file the opening brief forthwith.

*Clarence Y. Shimamura,* for appellees, for the motion to dismiss.

*Albert W. Evensen,* for appellants, contra.