STATE OF HAWAII, Plaintiff-Appellee *v.* CARL KEN-
NETH KICKLIGHTER, JR., Defendant-Appellant

NO. 6235

MARCH 7, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellee State of Hawaii has moved to dismiss this appeal from denial of a motion for reduction of a sentence for a criminal offense, contending that this court lacks jurisdiction because a motion by appellant to extend the time for filing the record on appeal was not made until after the original time for filing the record had expired. We deny the motion.

The notice of appeal was timely filed on April 8, 1976. Under both Rule 39(c) of the Hawaii Rules of Criminal Procedure (effective through December 31, 1976) and Rule 39(c) of the Hawaii Rules of Penal Procedure (effective January 1, 1977), the record on appeal is to be filed within 40 days after filing of the notice of appeal, and thus in this case was due by May 18, 1976. Appellant failed to meet this deadline and also failed to make a motion for extension of time prior to the deadline.

For various alleged reasons, including the trial judge's busy calendar and lack of cooperation from opposing counsel, a motion by appellant for leave to appeal in forma pauperis was not granted by the trial judge until June 2, 1976. On June

4, 1976 appellant moved in this court for an extension of time to file the record on appeal, although two weeks had already passed since the expiration of the May 18 deadline. Over two months elapsed before the motion was granted, by a justice of this court, on August 9, 1976. The record was filed within the time so allowed.

The State contends now that this court lacks jurisdiction of the appeal and, by necessary implication, that this court was powerless to grant the motion for extension which a justice purported to grant. The State bases these contentions on the theory that in both civil and criminal cases the supreme court is implicitly bound by H.R.C.P. Rule 73(g), which provides that

> the circuit court may extend the time for filing the record and docketing the appeal upon motion of an appellant made *within the period for filing and docketing as originally prescribed or as extended by a previous order*. (Emphasis added)

The State reasons, first, that the above language prohibits the circuit court in civil cases from granting a motion for extension made after the original 40-day period (and any timely extensions of it) have expired. This interpretation is correct. *Trask v. Tam See*, 42 Haw. 324, 325 (1958); 3A BARRON & HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE § 1559 (1958) (interpreting identical language of formal Rule 73(g) of the federal rules of civil procedure).

The State further reasons that the above restriction placed upon the circuit court in civil cases is implicitly imposed on this court by the following language of Supreme Court Rule 8(a):

> The time for . . . filing the record on appeal shall be as prescribed by Rule 73(g) of the Hawaii Rules of Civil Procedure, except as otherwise provided . . . in criminal cases by the Hawaii Rules of Criminal Procedure. . . . "

In fact the Hawaii Rules of Criminal Procedure did "provide otherwise" until they were superseded by the Hawaii Rules of Penal Procedure on January 1, 1977. Former

Rule 39(c) broadly provided as to appeals in criminal cases, without any time limitation, that

> [I]n all cases the circuit court, or the supreme court or any justice thereof, may for cause shown extend the time for filing and docketing [the record on appeal].

This language is derived from former Rule 39(c) of the federal rules of criminal procedure, which was read as placing no time restriction on the trial court's power to extend time for filing the record. 9 MOORE'S FEDERAL PRACTICE ¶ 211.01[2], 211.10[1] (1975). The circuit court in the instant case, being governed by former Rule 39(c), erred in finding itself powerless to grant an extension after expiration of the 40-day period and any timely extensions of it. Similarly, the above language from former Rule 39(c) gave this court and "any justice thereof" authority to grant an extension without restriction as to time. Moreover, Rule 39(a) (former and current) provides that the supervision and control of the proceedings on appeal shall be in this court from the time the notice of appeal is filed with the clerk, except as otherwise provided in the rules. Under similar language formerly contained in the federal rules of criminal procedure, it was held that late filing of the record on appeal did not affect the appellate court's jurisdiction of the appeal. *Belton v. United States*, 259 F.2d 811 (D.C.Cir. 1958). We conclude that, as expressly provided in H.R.C.P. Rule 73(a) with respect to civil appeals, failure of an appellant in a criminal case to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as we may deem appropriate.

Rule 39(c) of the Hawaii Rules of Penal Procedure now adopts for criminal cases the language of H.R.C.P. Rule 73(g) limiting the power of the circuit court to grant extensions. The question may arise in future cases, both civil and criminal, whether Supreme Court Rule 8(a)'s deference to the provisions of Rule 73(g) regarding "[t]he time for . . . filing the record" is intended to impose on this court the restrictions that Rule 73(g) imposes on the circuit court. To avoid uncertainty regarding this procedural question, we state that

Supreme Court Rule 8(a) merely cross-references the initial 40-day period prescribed in Rule 73(g) and the time limitations expressly imposed on the *circuit court* by Rule 73(g). No intent is revealed to limit the authority expressly reserved to this court by Supreme Court Rule 8(c):

(c) *Extensions of Time*. . . . For good cause shown, this court may, upon motion and notice, extend the time for filing the record on appeal. . . .

Although dismissal of an appeal for late docketing is within the power of this court, mitigating factors in the instant case, such as the trial judge's delay in disposing of the motion to proceed in forma pauperis, justify this court's grant of an extension of time and weigh against a dismissal of the appeal. *Trask v. Tam See, supra*. The motion to dismiss the appeal is denied.

*Randolph R. Slaton,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.

*Mitchell J. Werth*, Deputy Public Defender, for Defendant-Appellant.